BANCO TERRITORIAL Y AGRÍCOLA *v.* GILL, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 67.—Resuelto en marzo 27, 1911.

CUMPLIMIENTO DE SENTENCIA—RENDICIÓN DE CUENTAS—FORMA EN QUE DEBEN PRODUCIRSE.—Ordenada por sentencia ejecutoria, la rendición de cuentas por una parte, debe ésta producirlas detalladas y justificadas, es decir, no sólo conteniendo todas las operaciones de cobro o de pago, con expresión del concepto de cada partida o asiento, sino que además deben estar acompañadas de los respectivos comprobantes que un diligente administrador suele recoger y conservar.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Juan Guzmán Benítez.*

Abogado de la parte contraria: *Sr. Rafael López Landrón.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito del Distrito Judicial de San Juan por Margarita y Eulalia Cintrón y la Sucesión de José F. Cintrón, contra el Banco Territorial y Agrícola de Puerto Rico, sobre rendición de cuentas y otros extremos, dictó sentencia esta Corte Suprema con fecha 24 de junio de 1909, resolviendo recurso de apelación interpuesto contra la dictada por la corte inferior, y por aquella sentencia se confirmó el pronunciamiento que contenía la ape'ada, y que ordenaba al demandado rindiera a los demandantes cuenta detallada y justificada de la administración de la hacienda "Laura" desde 30 de junio de 1902 hasta 19 de mayo de 1906.

Para cumplir el pronunciamiento antedicho produjo el Banco Territorial y Agrícola cuentas de la administración de la hacienda "Laura," que empiezan en 30 de junio de 1902 con un saldo a su favor de $14,606.69, y terminan en 19 de mayo de 1906 con un saldo también a su favor de $22,724.37; y entonces la parte contraria presentó moción a la corte en que por el fundamento de que las cuentas presentadas sólo eran una copia incompleta de los libros mercantiles del banco sin comprobante ni justificante alguno, y sin relación a las distintas partidas de bienes recibidos bajo inventario al encargarse de la administración de la hacienda "Laura," pedía se ordenara al demandado rindiera la cuenta detallada y justificada de la administración de la "Laura," y sus pertenencias, según se había dispuesto por sentencia ejecutoria, presentando al efecto el inventario con arreglo al cual el banco se hizo cargo de la administración, así como el respectivo legítimo comprobante original de cada asiento.

Dicha moción fué declarada con lugar por orden de 19 de marzo del año próximo pasado, y ello dió lugar a que la representación del Banco Territorial y Agrícola acudiera a esta Corte Suprema en solicitud de auto de *certiorari,* para que,

revisados los procedimientos de la corte inferior, se declare que las cuentas han sido producidas en forma debida, y que los demandantes deben presentar los reparos justificados que tengan que hacer para que entonces el banco presente los comprobantes de las partidas objetadas, y se resuelvan las cuestiones que se susciten con motivo de dichos reparos en la forma que proceda.

Fué expedido el auto de *certiorari,* y de las alegaciones del peticionario y de las actuaciones originales que han venido a esta corte en cumplimiento de dicho auto, resulta que los procedimientos han sido llevados por la corte inferior en los términos expuestos.

Las cuentas de administración de la hacienda "Laura," durante el tiempo marcado por la sentencia de cuya ejecución se trata, no han sido presentadas en forma debida, pues tales cuentas deben ser detalladas y justificadas, es decir, no sólo deben contener todas las operaciones de cobro o de pago con expresión del concepto de cada partida o asiento, sino que además deben estar acompañadas de los respectivos comprobantes que un diligente administrador suela recoger y conservar, cuyas formalidades no se han llenado en el presente caso; y por tanto, el Juez de la Corte de Distrito de San Juan, al dictar la orden de 19 de marzo de 1910, no hizo más que velar por el exacto cumplimiento de la sentencia, proveyendo de conformidad con lo ejecutoriado.

Esta corte no puede en un recurso de *certiorari* variar los términos de la sentencia ejecutoria pronunciada, como lo haría, si declarara que las cuentas han sido presentadas en forma debida no obstante su falta de comprobantes, según solicita el banco peticionario.

Presentadas que sean las cuentas con los comprobantes que fueren menester y examinadas por los demandantes, éstos podrán ejercitar los derechos que les asistan, si algunos tienen, y entonces será llegado el momento de dictar las resoluciones que la ley aconseje, mediante los trámites legales necesarios,

como ya digimos en la opinión que sirvió de fundamento a
nuestra sentencia.

No encontramos en los procedimientos de la Corte de Dis-
trito de San Juan razón alguna que nos autorice para anu-
larlos, y en su virtud procede se devuelvan los autos a dicha
corte dejándola en libertad para proceder como si no se hu-
biera expedido el auto de *certiorari.*

*Sin Lugar.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf y
del Toro.

El Juez Asociado Sr. Aldrey, no intervino en la reso-
lución de este caso.